# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN



John W. Germaine 'et al'
205 E. School Road
Cottage Grove, WI. 53527

        Vs.        Case No. **13-C-0865**

HUBER + SUHNER INC. 'et al"
19 Thompson Drive
Essex Jct, Vt. 05452

## COMPLAINT
## I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court relating to the same occurrence involved in this action?
NO

B. Have you begun other lawsuits in state or federal court?
NO

C. If your answer to A or B was YES, provide the requested information below. If there is more than one lawsuit, describe each additional one on a separate sheet of paper, using the same outline.

1. Parties to the previous lawsuit

Plaintiff(s)   N/A

Defendant(s)
N/A

2. Court in which lawsuit brought (if federal court, name district: if state court, name the County)
N/A

3. Docket Number
N/A

4. Current status (for example: Was the case dismissed? Was it appealed? Is it still Pending)?
N/A

5. Approximate date of filing lawsuit
N/A

Civil Rights Complaint
Pro Se Form
Page 2

6. Approximate date of disposition
N/A

## II. PARTIES
**PLAINTIFF(S)**
John W. Germaine 'et al'
608 839 1381

**DEFENDANT (S)**
HUBER + SUHNER, INC. 'et al'
19 Thompson Drive
Essex Jct. Vt. 05452

**Additional DEFENDANTS**
Wells Fargo
420 Montgomery Street
San Francisco, CA 94104

American Funds
P.O. Box 6007
Indianapolis, IN 46206-6007

The Capital Group Companies Inc Corporate Office & Headquarters
333 S. Hope St.,53rd Fl. Los Angeles CA 90071
Capital Group

Possibly Others (See Complaint)

**III. STATEMENT OF CLAIM** (follow instructions carefully)
State briefly as possible the *essential facts* of your case. Tell what each defendant did to you that caused you to file this suit against them. If you are complaining about more than one wrong, use a separate *numbered* paragraph for each wrong, and describe each wrong in that paragraph and only that paragraph. State only the facts. *Do not give any legal theories or arguments; do not cite any cases or statutes. Do not feel you have to use all the space.* USE NO MORE THAN THE SPACE PROVIDED. THE COURT STRONGLY DISAPPROVES OF STATING CLAIMS OUTSIDE THE SPACE PROVIDED.

**Begin statement of claim:**

On August 3, 1998 the Pro Se, **(Heretofore John W. Germaine)** along with his wife **John W. Germaine and Xiaohong Zhang-Germaine (Heretofore the parties)** was asked to return from their assignment by HUBER + SUHNER AG **(Heretofore the Corporation)** in China by the new president of HUBER + SUHNER (North America) Corporation **(Heretofore The US Operation)**, and its newly appointed President Mr. George Pouch.

Mr. Pouch had replaced the former president of the US Operation a few months earlier. The Pro Se reported his entire career with the Corporation as Global Account Manager, Chief Representative, etc. to Dr. Patrick Jung – President of HUBER + SUHNER AG (Switzerland) at the time as an expatriate, on contract, of the US Operation.

He reported to Dr. Patrick Jung in his global duties as Chief Representative of the Shanghia Office in the PRC. In the end, Dr. Patrick Jung had originally been chosen to replace the CEO and than for unfamiliar, simply rumor, reasons was withdrawn from the position and had left the company.

Upon the request to return to the US Operation by Mr. George Pouch the new head of the NA Operation on August 3, 1998, for unknown reasons, the Pro Se was terminated without cause and instructed to return to China to close the operation. In fact, the Pro Se returned to China as his passport notes immediately afterwards.

On the day of the termination Mr. Pouch was informed by the Pro Se that his employment was under contract and that it is impossible to terminate him as an "employee at will." That a settlement is in order as well as requests on the reason for his termination unspecified. The contract issue can be proven under international law and Tax Rules between the US and China established in the beginning during the Regan Administration. **SEE:** 18 U.S.C. Section 1954 and **SEE:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324. **Here and in all citations the Pro Se asks the court to replace with proper citations.**

In order to work in China as the Chief Representative, in any position, a foreigner must have a work permit. He cannot obtain a work permit without first obtaining a residency permit in order to obtain a China Green Card. At the time, and still today in most cases, the expatriate must have a contract to receive the Residency Permit needed for a Work Permit; in fact a Z Visa. Both forms of Contracts, Legal Documents as well as expatriate arrangements, were submitted by HUBER + SUHNER to the Shanghai Provisional Government and to the partiers in order to legally live and work in China on Contract. The contract was written in the Business License for three years renewable and breached in less than two years before the end of the first term.

At no point did the Pro Se receive from the Benefits Administrator, Ms. Laurie G. Barrett, a "Distribution Due to Termination form" or any correspondence nor a settlement on the assignment overseas. **SEE:** 18 U.S.C. Section 1027 and **SEE:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324.

Civil Rights Complaint
Pro Se Form
Page 4.

In fact at some point after the termination the Pro Se writes to the US Operation to inform the US Corporation he did not wish to distribute the funds in the 401K and for HUBER + SUHNER NA INC to continue to manage the retirement fund.

The Pro Se receives a response from a Ms. Laurie G. Barrett. In fact he had never met nor received Ms. Laurie G. Barrett's letter dated October 5, 1998 until his disability retirement forced him to request the private pension mentioned in a note from Social Security in a correspondence from HUBER + SUHNER INC. Dated December 11, 2009, **Reference 401K** letter from a Ms. Yvonne R. Barney, Director, Human Resources. The Pro Se has never met or spoken to Ms. Barney in the time following his termination and becomes aware for the first time of the US Operation's taking adverse action against an individual for exercising his or her rights under the plan **SEE:** ESRA and **SEE:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324.

In the meantime the Pro Se receives a **Social Security Notification that the HUBER + SUHNER NA Corporation Retirement Plan number 04-3024588-001 was reported in the year 1999!** The HUBER + SUHNER Account of the actions are banned: Failing to operate the plan prudently and for the exclusive benefit of participants. **SEE:** ESRA and **SEE:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324.

In fact in the same month as the parties John W. Germaine and his wife Xiaohong Zhang-Germaine returned to China to close the HUBER + SUHNER office they were offered a position with a competitor, SAN TRON, INC. in Shanghai to remain in China and to setup a factory in China. The parties never physically returned to the US nor corresponded in any form or fashion with HUBER + SUHNER INC. on any distributions nor received any monies from any distributions afterwards.

In Her letter sent to both the DOL and to the Pro Se, Ms. Barney sends a copy of a letter dated to George Pouch dated October 4, 1998. The letter is typed by a John W. Germain without any signature. In addition, in a similar package she sends another document without a signature to the Pro Se.

In fact not one document that HUBER + SUHNER have on the distribution is signed with a signature let alone the signature of the Pro Se. The DOL is asked to represent the Pro Se under an investigation in the provisions of ERISA resulting in a complete mess of this case, including the case being lost, than misplaced, than filed and sent back as part of a case filed and dated on July 10, 2012 to the New York State Attorney's Office, attention Mr. Eric T. Schneiderman, by a retired fireman in Florida on behalf of the NY Fired Department. The original case is dismissed on the same lack of proofs and documents from the US Operation to the DOL as received in a package sent to the Pro Se.

Civil Rights Complaint
Pro Se Form
Page 5.

When the documents along with Pro Se's separate complaint on the DOL Case concerning the NYC Fire Department case arrive twice including the participation of Brian Kennedy in a letter

from Mr. Allen West than a member of congress a second time with the Pro Se's Case documents included and after notifying the DOL on this gross mistake, the Pro Se is asked in an email from the DOL to return all the documents and is promised his case **will receive special attention from the DOL,** after the return of the documents an email is received that the DOL is in discussions with officials in "Washington D. C." and they were on my case.

Approximately one month later, after over two years, the DOL sends a letter, once again returning the so called non-signed pension letter "received (false) from you (Me) that was sent the first time the case was misplaced by the DOL. Once again, not one HUBER + SUHNER document, which the company states as proof can prove the distribution, took place with the knowledge of the owner the Pro Se. The case is once again dropped without reason on the assumption that the Pro Se received the vested distribution based on the heresy evidence and false unsigned documents, two typed and unsigned letters from a John Germain to HUBER + SUHNER NA Corporation.

The Pro Se has never received a penny of the fund nor requested a distribution. The DOL bases its decision on "Appearance" without investigation. At this point it needs to be mentioned that the Pro Se has, in addition to this pension, been involved in a similar incident with Radiall SA a French Corporation in which he had helped setup an operation in China as well as a number of IRA accounts held by Brokerage Firms that had simply disappeared upon his return to the States. Since the stock account numbers and Financial Institutions have been discovered in boxes shipped back from China years ago and recently opened it is fair to speculate the loss of the Parties entire retirement portfolio as well as the HUBER + SUHNER Pension had been stolen by William J. St. Germain the Mental ill twin brother of John W. Germaine. **SEE:** Writ No. 09-9994 on petition to the U. S. Supreme Court of the United States, John W. Germaine, ET AL v. Marika Nyman St. Germain, AKA ET. AL.

However, this is non-equator to the distribution practice and the above HUBER + SUHNER case, and will be filed as a separate case with the SEC. It is sufficient to state the stolen monies became illegally distributed as noted by the Attorney for Marika Nyman St. Germain, Mr. E. Ross Zimmerman, in a response to an Appeal dated 12/20/2010 to **Case Number 10-3796 in the United States Court of Appeals in the Seventh Circuit.** All this a axiomatic and for the purpose of the courts to include in the investigation given that the Parties have, as a result of these looses from the hard work they compiled returned to the USA with nothing. To add insult to injury the Plaintiffs are disabled and continue to live approximately $4 above the published poverty level.

As for the HUBER + SUHNER 401K unlawful Distribution, the Pro Se requests arbitration

between all parties including correspondence between the entities involved receiving future notifications and correspondence to answer on the specific facts.

Not one penny of the miss-managed distribution by HUBER + SUHNER as a result of the Corporation failing to properly select and monitor service providers has ever been received by the Pro Se and the parties to the complaint. **SEE:** ESRIA and **SEE:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324.

The plan maintains that on September 11, 2008 a lump sum distribution was made by Even Clearing Corporation as Custodian for the Pro Se in the Amount of $72,351.98. After continued investigation by the Pro Se with no help as requested from HUBER + SUHNER this illegal distribution has simply vanished into an account by the name of American Funds Account and drawn "on your Account at Wells Fargo". The fact is the Parties and Pro Se John W. Germaine has never had any account with Wells Fargo. In addition, after repeated requests Wells Fargo claims to have no records of any account of checks distributed in the name of John W. Germaine from their Financial Institution.

The plan also maintains that a payment transfer, once again never requested by the plan owners, was made on September 26, 2001 to First Union Securities in the name of William J. St. Germain. Again, John W. Germaine has never received a penny nor had any account with First Union and again first Union as well as HUBER + SUHNER refuse to correspond on neither the subject on the electronic transfers nor the signatures on any documents on file.

**In Conclusion:** the appearance of distribution does not constitute fact. In addition the administration of the plan based on false statements and fraud in addition to the lost monies, pension by HUBER + SUHNER CORPORATION in its attempt to hide from its legal obligations behind closed doors as well as the misrepresentation of the requirements of ERISA necessitate the need for the case be reviewed by the Circuit Court including that all parties sit down and review under oath **SEE** Rules of Arbitration and **SEE:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324. Also **SEE:** Haines v. Kerner (1972) 404 U.S. 519,520 (per curiam); accord Hughes v. Rowe (1980) 449 U.S. 5, 15 (per curiam).

**In addition,** as an indigent and disabled the Pro Se, John W. Germaine, and the parties request the assistance of a court appointed legal counsel as well as a Jury Demand, if arbitration fails or is ignored, including all back payment plus interest on all monies as well as pension payments, as well as legal issues the court and jury may find such as Tort including Business Tort, Breach of Contract and other legal actions available and inclusive. **SEE:** ADA RULES Arbitration and **SEE:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324. Also **SEE:** Haines v. Kerner (1972) 404 U.S. 519,520 (per curiam); accord Hughes v. Rowe (1980) 449 U.S. 5, 15 (per curiam).

## IV. RELIEF YOU REQUEST

State exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. DO NOT USE THIS SPACE TO STATE THE FACTS OF YOUR CLAIM. USE IT ONLY TO REQUEST REMEDIES FOR THE INJURIES YOU COMPLAIN ABOUT. Use only the space provided. The court strongly disapproves of requesting remedies outside the space provided.

/Standard Legal Procedure including requesting all communications by E-Mail as a result of ADA rules and for all parties to complaint to respond to the Plaintiff's communications and copy the plaintiff on requests and/or to the court. Than beginning with Arbitration to insure all Defendants are identified as participants in the illegal distribution and cover up of the lost Pension fund and payments, reinstatement of the pension fund and payments from the date of retirement with a fair interest on back payments of approximately 19% and/or determination by the court as well as all tax payments made by the fund administrator. In addition as a result of the tortuous mistreatment of the Plaintiff(s) and his wife disabled and living without these payments from the fund during the period beginning with disability retirement as benefit was needed for medical and other living needs as well as psychological well being, for the court to award damages as it feels legally justified and as discussed with a court appointed attorney. All other damages that a Jury Demand will allow including for filing etc. and that the Pro Se may be unaware of until discussion with legal counsel. **SEE:** Foster v. Murphy 686 F.Supp.471, 474 (1988); O'Connor v. United States (1987) 669 F. Supp. 317,324. Also **SEE:** Haines v. Kerner (1972) 404 U.S. 519,520 (per curiam); accord Hughes v. Rowe (1980) 449 U.S. 5, 15 (per curiam). /

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 26 day of July, 2013.

(Signature of Plaintiff(s))

Signed before me this
__ day of July, 2013
Notary Public, Sun Prairie, Dane Co., Wisconsin
My Commission expires: _____

CHERI KRISHER
Notary Public
State of Wisconsin